UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
EDGAR PEREZ,

                Plaintiff,

  - against -

MERRICK DELI & GROCERY, INC., ET ANO.,

                Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER

13 Civ. 5166 (ILG) (JO)

GLASSER, Senior United States District Judge:

      Plaintiff Edgar Perez[1] brings this action against Merrick Deli & Grocery, Inc. ("Merrick") and Hussain S. Mused, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), Art. 6 § 190 et seq., Art. 19 § 650 et seq. Plaintiff moves for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

      The following facts are undisputed, unless otherwise noted.[2] From June 11, 2012 through May 5, 2013, Plaintiff worked as a sandwich maker and customer service associate at the Merrick Deli & Grocery in Laurelton, New York. Plaintiff's Statement of Facts ("SOF") ¶¶ 1, 3; Compl. ¶ 5. Defendant Mused is a shareholder and officer of Merrick. See Plaintiff's Ex. 8 (Defendants' Interrogatory Responses 9-10). Mused

---

[1] Plaintiff filed this lawsuit on behalf of himself and all others similarly situated, but has not moved for conditional certification of a collective action under the FLSA.

[2] Defendants failed to comply with Local Rule 56.1(b), which requires a party opposing summary judgment to submit a counterstatement to the moving party's Local Rule 56.1 statement of undisputed facts. Although Defendants did not file a counterstatement, they submitted two affidavits which controvert statements made in Plaintiff's 56.1 Statement. In light of this evidence, the Court will not deem the facts asserted in the Plaintiff's 56.1 Statement admitted and will consider the full record in ruling on Plaintiff's motion.

1

supervised Plaintiff, set his work schedule, and determined when and how much he would be paid.  SOF ¶ 2.

Plaintiff asserts that from June 11 through October 2012, he worked 84 hours each week and received a weekly cash salary of $600, and from October 2012[3] through May 5, 2013, he worked 66 hours each week and received a weekly cash salary of $515. Id. ¶¶ 5-9.  He claims Defendants failed to compensate him for overtime.  Id. ¶¶ 10-11. Defendants dispute this and have submitted affidavits from Mused and Jorge Vasquez, a Merrick employee who referred Plaintiff to the job.  See Dkt. No. 31, Attachment Nos. 1 & 2.  According to the affidavit of Mused, Plaintiff was offered and accepted a weekly salary of $600, which compensated him for 40 hours at an hourly rate of $8.50, plus 20 overtime hours at a premium rate of time and a half.  Mused Aff. ¶¶ 3-7.  Vasquez states that he translated the terms of Mused's offer into Spanish, and Plaintiff acknowledged his understanding in English and Spanish before accepting the job.  Vasquez Aff. ¶ 3. Furthermore, Mused asserts that Plaintiff's hours and weekly salary remained the same throughout his employment.  Mused Aff. ¶ 7.  It is undisputed that Defendants failed to maintain records of Plaintiff's employment and did not provide him with weekly wage statements.  SOF ¶¶ 12-14, 18.

Plaintiff commenced this action on September 17, 2013.  Dkt No. 1.  On October 24, 2014, he moved for Partial Summary Judgment on (1) the FLSA and NYLL claims for failure to pay overtime wages and for liquidated damages and (2) the NYLL claim for failure to provide wage statements.  Dkt. No. 30.  Additionally, he asserts that both Merrick and Mused can be held liable as his employers under the FLSA and NYLL.

---

[3] Plaintiff does not indicate when in October 2012 his hours and wages changed.

2

Defendants filed their Opposition on November 19, 2014, and Plaintiff replied on December 5, 2014. Dkt. Nos. 31 and 32.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. . . . A fact is material if it might affect the outcome of the suit under the governing law." Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010) (internal quotations and citations omitted). The moving party bears the burden of establishing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the court must "construe the facts in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Brod v. Omya, Inc., 653 F.3d 156, 164 (2d Cir. 2011) (quotation omitted).

## DISCUSSION

### I. Defendants' Liability Under the FLSA and NYLL

Plaintiff argues that Mused and Merrick qualify as his employers and are both subject to liability under the FLSA and NYLL. The FLSA broadly defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The similarly circular definition of "employer" under the NYLL embraces any business or individual "acting as [an] employer." NYLL § 651(6). "Courts have interpreted the definition of 'employer' under the [NYLL] coextensively

3

with the definition used by the FLSA." Fermin v. Las Delicias Peruanas Rest., Inc., No. 14-CV-0559, 2015 WL 1285960, at *15 (E.D.N.Y. Mar. 19, 2015).

The Second Circuit "has treated employment . . . as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." Irizarry v. Catsimatidis, 722 F.3d 99, 104 (2d Cir. 2013). In determining whether a defendant qualifies as an "employer" under the FLSA and NYLL, courts consider "whether the [defendant] (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. at 104-05. There is no question that Merrick was Plaintiff's employer and is subject to liability under the FLSA and NYLL. As for Mused, the undisputed record shows that he supervised Plaintiff, controlled his work schedule, and set his hourly wages and method of payment. In light of the factors outlined above, the Court finds that Mused qualifies as Plaintiff's employer under the FLSA and NYLL and may be held individually liable.

## II. FLSA and NYLL Claims for Overtime Wages and Liquidated Damages[4]

Under the FLSA and NYLL, employees must be paid one-and-a-half times their regular hourly rate for every hour over 40 worked each week. See 29 U.S.C. § 207(a)(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2. The laws provide for the recovery of unpaid overtime compensation and liquidated damages. 29 U.S.C. § 216(b); NYLL § 663(1). "There is a rebuttable presumption that an employer's payment of [a] weekly salary represents compensation for [only] the first 40 hours of an employee's work

---

[4] It is undisputed that Merrick is a business engaged in interstate commerce which had annual gross revenues of at least $500,000 during the period of Plaintiff's employment. SOF ¶ 3. Thus, Plaintiff was a covered employee under the FLSA. See 29 U.S.C. §§ 207(a); 203(s)(1)(A).

4

week." Benitez v. Demco of Riverdale, LLC, No. 14-Civ-7074, 2015 WL 803069, at *2 (S.D.N.Y. Feb. 19, 2015).  This presumption may be rebutted by evidence that the employer and employee agreed that the weekly salary would include compensation for overtime hours.  Giles v. City of New York, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999).

Defendants submitted affidavits asserting that Plaintiff agreed to and did receive a weekly salary which compensated him for 20 hours of overtime at a premium rate.  Plaintiff denies there was any such agreement or compensation for overtime received by him.  Thus, a dispute of material fact exists which precludes summary judgment on Plaintiff's FLSA and NYLL claims for overtime wages and liquidated damages.

### III. NYLL Claim for Failure to Provide Wage Statements

The NYLL requires employers to provide a statement with every payment of wages listing, among other items, the employee's regular rate of pay, deductions, allowances, and overtime rate of pay.  NYLL § 195(3).  It is undisputed that Defendants did not provide Plaintiff with wage statements.  Accordingly, summary judgment is granted on this claim.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is GRANTED as to the NYLL claim for failure to provide wage statements.  The Motion is DENIED as to the FLSA and NYLL claims for unpaid overtime wages and liquidated damages.

SO ORDERED.

Dated:   Brooklyn, New York
         July 8, 2015

                                          /s/
                                          I. Leo Glasser
                                          Senior United States District Judge