UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
EDGAR PEREZ,

                Plaintiff,                MEMORANDUM AND ORDER
                                                13 CV 5166 (ILG)

   -against-

MERRICK DELI & GROCERY, INC.,
et ano,

                Defendants.
------------------------------------------------x
GLASSER, United States District Judge:

        The plaintiff brought this action against Merrick Deli & Grocery, Inc. ("Merrick" or "Deli"), and Hussain S. Mused alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law ("NYLL"), Art. 6 §§ 190 et seq., Art. 19 §§ 650 et seq. More specifically, the plaintiff alleges violation of the minimum wage and overtime provisions of those laws, of the requirement of the NYLL that wage statements be provided to employees, and of its spread of hours provisions. Also pleaded as a Seventh Cause of Action was a claim of conversion which I dismiss as duplicative, if not frivolous. The defendant has conceded that wage statements were not provided as required and a finding to that effect was made in my previous Order on plaintiff's summary judgment motion, dated July 8, 2015. See DE 33.

        The essence of his complaint is that from June 11 to October 1, 2012, he worked twelve hours a day seven days a week beginning at 2:00 p.m. one day until 2:00 a.m. the next, for which he was paid $600 per week, and from October 2, 2012 until May 5, 2013, he worked from 3:00 p.m. to 2:00 a.m. the following day, for which he was paid $515 per week. Tr. at 17-18.

The case was tried before the Court in accordance with a stipulation of the parties, DE 47, on March 24, 2016. The plaintiff's case was presented by the testimony of the plaintiff as the only witness. The defendant's case was presented by the testimony of Hussain Mused, the President of Merrick (Tr. 69), and Jorge Vazquez, a fellow employee and friend of the plaintiff. The determination of the only issue in this case, therefore, whether the plaintiff was not paid the required minimum and overtime wages, rests entirely on the credibility of the witnesses. A hearing was held and concluded in one day. The findings of fact and conclusions of law made on the basis thereof are as follows:

The plaintiff testified with the aid of an interpreter. Although he has lived in the United States for 23 years, worked in American, Italian and Greek restaurants, he testified that he understood no English at all. He first met Mr. Vazquez in 1999. They were both from Guatemala. He testified that he never lived in the same building or worked in the same restaurant with Vazquez. He met him again in a restaurant in June of 2012, and told him at that time that he needed a job. Vazquez replied that there was an opportunity for one at the place where he worked and offered to introduce him to his employer. About a week later, on June 11, 2012, Vazquez accompanied him to Merrick and introduced him to Mr. Mused, his employer. He testified that Vazquez remained at the interview to translate for him because he did not understand English. Tr. 13, 24. The plaintiff was hired as a sandwich maker and started working the same day.

He testified that his work schedule was to be twelve hours a day from 2:00 p.m. until 2:00 a.m. the following day, seven days per week and he was to be paid a <u>fixed</u>

2

salary of $600 per week.  I emphasize "fixed" because it became apparent that he was unable to relate his salary without emphasizing that it was "fixed," viz., fixed salary of $600, Tr. 14; $600 fixed, Tr. 15; fixed price of $600, Tr. 17; fixed amount per week, Tr. 18; fixed salary, fixed price, Tr. 35.  The conclusion was inescapable that he had been carefully schooled to remember to emphasize always that his salary was <u>fixed</u> to buttress his claim that he was not paid overtime for work beyond 8 hours per day.  That was his schedule, he testified, from June 11, 2012 to October 2, 2012, when his schedule changed from 3:00 p.m. to 2:00 a.m. six days per week from Monday to Saturday, at a <u>fixed</u> salary of $515 per week, Tr. 18.  He testified that throughout the entire time of his employment, approximately two years, he never missed a day's work, was never late to work, never left early, never had a break during the day, was never given time to eat.  When he did eat at all, it was only a sandwich or a plate of food and a can of soda, and if he wanted something extra he would have to pay for it. Tr. 32-33.  That account of what smacks as a condition of servitude was tempered somewhat when asked on cross-examination whether he ever asked to leave early to keep a doctor's appointment, his response was, "I do not remember that," and he couldn't remember whether it was possible that he took a day off for medical problems. Tr. 35-36.

      Mr. Vazquez testified for the defendant, also with the aid of an interpreter.  Although he speaks some English, he is more comfortable in Spanish.  He testified that the plaintiff speaks a little English and perhaps more than he does. Tr. 45.  He, too, was employed by the defendant as a sandwich maker.  He acknowledged that he met the plaintiff in a restaurant, but that was not their first encounter.  They met about 10 years

3

before that. Contrary to the plaintiff, who denied they ever lived in the same building, or worked in the same restaurant, Tr. 26, Vazquez testified that they lived in the same building, specifying an address and apartment number for about six months, Tr. 42, 55, and worked at the same restaurant for approximately 3 months, Tr. 43. The plaintiff's testimony that he understands no English at all, Tr. 24, notwithstanding living in the United States and working in Italian, Greek and American restaurants where it may reasonably be inferred that Spanish was not the only language spoken, begs credibility, a determination the following excerpt from Mr. Vazquez's testimony confirms at p. 45 of the transcript:

> Q: When you were present when Mr. Mused was speaking with Perez, did you translate some of what Mr. Mused spoke to Mr. Perez?
>
> A: No. I only introduced him as a friend.

And again, at p. 57, despite the patent linguistic confusion:

> Q: Did you translate for Mr. Perez because English is not his first language and he doesn't speak it well?
>
> A. He understood.

The plaintiff would have the Court believe that he, who ostensibly speaks and understands no English at all, learned of his work schedule and compensation from what Vazquez, who estimates that he speaks and understands less, translated for him from Mr. Mused's fractured English.

4

The important distinction between speaking a language and understanding it is exquisitely made manifest by the foregoing brief colloquy.  The plaintiff's mantra-like repetition of "fixed" which undergirds his case, is a word he may not be able to speak, he obviously understands it as clearly as I find he understood from Mr. Mused what his work schedule and compensation would be as stated hereafter.

The plaintiff's assertion that he worked from 2:00 p.m. until 2:00 a.m. the next day is contradicted by Vasquez at Tr. 45-46, 60, and by Mused at Tr. 73.  Each decisively testified that the Deli closed for business at midnight which belied the plaintiff's testimony that he worked until 2:00 a.m. See Tr. 46, 52, 62, 71.

The plaintiff's assertion that he never missed a day of work, was never late, never left early, never had a lunch break was decisively belied by Vasquez. See Tr. 47, 48, 66, and Mused Tr. 74.

The plaintiff's repeated emphasis upon his salary of $600 as being fixed recalls the characterization of such testimony as "the glibness of the schooled witness in reciting a lesson" (Creamer v. Bivert, 214 Mo. 473, 479, 113 S.W. 1118, 1120 (1908)), and is of a piece with the rest of his incredible testimony related above.

I credit the testimony of Vasquez, who, present at the interview of the plaintiff by Mr. Mused, heard the plaintiff told that he would work 40 hours and 20 hours overtime extra, Tr. 45, that he would be paid $8.50 per hour for 40 hours and time and a half after 40 hours for a total of $600, Tr. 47, 59, 60, and understood it. Tr. 57.

5

I credit, too, the testimony of Mr. Mused to the same effect. See Tr. 74. His testimony, reading "brokenly and obscurely in print," Creamer, supra, conveyed a conviction of truthfulness and bore the stamp of credibility.

These are the facts as I find them, mined from the record and sifted through my observation of the witnesses, the manner with which they testified, their candor and responsiveness, their assurance as to what they heard and observed. See, in this regard, Phelan v. Middle States Oil Corp., 220 F.2d 593, 598 (2d Cir. 1955) (Hand, L). Those benchmarks drive me to conclude that the plaintiff was not credible and that Vazquez and Mused were. Accordingly, judgment is granted to the defendants on the plaintiff's overtime claims. Having granted judgment to the plaintiff on the defendant's failure to provide the plaintiff with the statement required by N.Y. Lab. Law §195(3) (see DE 33), the plaintiff is awarded statutory damages in the amount of $5,000. See N.Y. Lab. Law § 198(1-d) (employees who are not provided statements as required by §195(3) "shall recover . . . damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars").

SO ORDERED.

Dated:      Brooklyn, New York
            July 21, 2016

                                        _____/s/_____
                                        I. Leo Glasser
                                        Senior United States District Judge

6