UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDGAR PEREZ,

      Plaintiff,      MEMORANDUM AND ORDER
                 13-CV-05166
 - against -

MERRICK DELI & GROCERY, INC. and
HUSSAIN S. MUSED,

      Defendants.
-----------------------------------------------------------x
GLASSER, Senior United States District Judge:

## BACKGROUND

   Plaintiff Edgar Perez ("Plaintiff") brought this action against Defendants Merrick Deli & Grocery ("Merrick") and Hussain S. Mused (collectively, "Defendants"), alleging that they violated the Fair Labor Standards Act ("FLSA), the New York Labor Law ("NYLL"), and the New York Codes, Rules and Regulations ("NYCRR"). (ECF No. 1). On July 8, 2015, the Court granted Plaintiff's motion for partial summary judgment as to one claim—that Defendants failed to provide wage statements in violation of NYLL § 195(3). (ECF No. 33). On March 24, 2016, the Court held a bench trial and granted judgment to Defendants on all remaining claims. (ECF No. 52). Pending before the Court is Plaintiff's motion for attorneys' fees and costs related to the sole claim on which he prevailed. (ECF No. 54). Defendants' opposed the motion and requested fees of their own and sanctions for bringing a "frivolous proceeding." (ECF No. 55). For the reasons explained below, Plaintiff's motion is **GRANTED** and Defendants' motion is **DENIED**.

## LEGAL STANDARD

   The NYLL is a fee-shifting statute that entitles prevailing plaintiffs to reasonable attorneys' fees. 29 U.S.C. § 216(b); NYLL § 198(1-a). The "lodestar—the product of a reasonable hourly

1

rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). While the "lodestar" is not always conclusive, failing to calculate it as a starting point is legal error. *Id.* However, once calculated, "[a] district court may adjust the lodestar when it does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Id.* at 167. Those adjustments are appropriate only in "rare circumstances" because the "lodestar figure already includes most, if not all, of the relevant factors constituting a reasonable attorney's fee." *Id.* The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed. *Pilitz v. Inc. Vill. of Freeport*, No. 07-CV-4078 (ETB), 2011 WL 5825138, at *4 (E.D.N.Y. Nov. 17, 2011).

Further, courts have continuously recognized the right to reimbursement of costs such as photocopying, postage, transportation, transcript fees, and filing fees. *Quantum Corp. Funding, Ltd. v. Westwood Design/Build Inc.*, No. 08 CIV. 0539 (LAK), 2010 WL 5185072, at *11 (S.D.N.Y. Nov. 19, 2010), *report and recommendation adopted*, No. 08 CIV. 0539 (LAK), 2010 WL 5222120 (S.D.N.Y. Dec. 21, 2010).

## DISCUSSION

### I. Attorneys' Fees and Costs

Plaintiff requests $8,494.40 in attorneys' fees and $1,160.49 in costs. Regarding attorneys' fees, he contends that from the commencement of this action on September 17, 2013 to the trial date, March 24, 2016, he incurred $23,572 in attorneys' fees and requests a "percentage . . . that corresponds to the amount of claims that he won." (ECF No. 54-5 at 21). He argues that because he prevailed on one claim out of five, he is entitled to an award equal to one fifth of the total hours worked, which amounts to $4,714.40, plus the fees in connection with this motion, $3,780. (*Id.* at

12). Together, Plaintiff's request amounts to $8,494.40 for 35.38 hours worked. In support of this request, he submitted billing records from his counsel, Borelli & Associates, with detailed entries documenting the work performed and the hourly rates that were charged. (ECF No. 54-2). This Court and the neighboring Southern District of New York have routinely approved these billing rates for Borelli & Associates. (*See* DE 54-5 at 16) (collecting cases).

Defendants oppose Plaintiff's request because the lack of wage statements was an "uncontested issue" that did not require significant work from Plaintiff's counsel.[1] (ECF No. 55 at 2-3). Defendants ignore the NYLL, which provides that "[i]f any employee is not provided a [wage] statement . . . he or she shall recover in a civil action damages . . . together with costs and reasonable attorney's fees."). NYLL §195(1-d); *see also Millea*, 658 F.3d at 168 ("FMLA claims are often small-ticket items, and small damages awards should be expected without raising the inference that the victory was technical or de minimis. If an expense of time is required to obtain an award that is not available by voluntary compliance or offer of settlement, the expense advances the purposes of the statute."). However, having reviewed the Complaint, it is clear that seven, not five, causes of action were pled. Accordingly, Plaintiff is entitled to one seventh of the total attorneys' fees related to the one claim on which he prevailed, which amounts to $3,367.43, plus $3,780 in connection with this motion and $1,160.49 in costs, for a total award of $8,307.92.

II.     **Post-Judgment Interest**

Plaintiff also requests post-judgment interest on his $5,000 damages award, which remains unpaid. While Defendants' inquiry regarding how Plaintiff wants to receive the $5,000 remains

---

[1] Defendant claimed for the first time at the status conference held on April 1, 2019, that its concession regarding wage statements was made prior to the commencement of this litigation, but the record is devoid of that fact.

unanswered,[2] that is not an excuse for nonpayment of the award. Accordingly, the Court will award post-judgment interest on the unpaid $5,000 in damages to accrue on the date judgment was entered, December 18, 2016. 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

Finally, if the award of attorneys' fees and costs "remain[s] unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4).

## CONCLUSION

Accordingly, for the reasons set forth above, (1) Plaintiff's motion for attorneys' fees and costs is granted in the amount of $8,307.92, which is separate and apart from the $5,000 in damages previously awarded to Plaintiff; (2) Plaintiff's request for post-judgement interest on the $5,000 damages award is granted and will accrue from the date judgment was entered on December 18, 2016; and (3) Defendants' motion for attorneys' fees and sanctions is denied given (i) the absence of any argument in support for such an extraordinary request and (ii) Defendants' admission of liability as to wage statements. Plaintiff is ordered to provide Defendant with information necessary to tender payment of the $5,000 damages award and $8,307.92 in attorneys' fees and costs—including to whom payment should be addressed—within seven days.

SO ORDERED.

Dated:    Brooklyn, New York
           April 4, 2019

/s
I. Leo Glasser         U.S.D.J.

---

[2] On October 13, 2016, Defendant's counsel emailed Plaintiff's counsel, writing "Please advise how you want $5000.00 check made. Ie. Check representing the sum awarded by Judge Glasser." (ECF No. 55-7). Plaintiff's counsel did not respond. (ECF No. 55 at 4).